IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WESTLAKE PROPERTIES, INC. d/b/a
Westlake Village Inn & Spa
31943 Agoura Road
Westlake Village, CA 91361

Plaintiff

v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION
409 Third Street SW,
Washington, DC 20416

Serve: Kelly Loeffler
Administrator
U.S. Small Business Administration
Office of the Administrator
409 Third Street SW
Washington, DC 20416

Todd Blanche
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

Jeanine Ferris Pirro
United States Attorney for the
District of Columbia
U.S. Attorneys' Office
601 D Street NW
Washington, DC 20001

and

KELLY LOEFFLER
in her official capacity as
Administrator of the United States
Small Business Administration
409 Third Street SW,
Washington, DC 20416

Case No. 1:26-cv-03385

Serve: Kelly Loeffler
Administrator
U.S. Small Business Administration
Office of the Administrator
409 Third Street SW
Washington, DC 20416

Todd Blanche
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

Jeanine Ferris Pirro
United States Attorney for the
District of Columbia
U.S. Attorneys' Office
601 D Street NW
Washington, DC 20001

Defendants

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Westlake Properties, Inc., d/b/a Westlake Village Inn & Spa ("Westlake" or "Plaintiff"), in the above-entitled action, by and through its undersigned counsel, hereby demands judgment against Defendants, United States Small Business Administration ("SBA") and SBA Administrator Kelly Loeffler ("Administrator Loeffler"), in her official capacity as Administrator of the United States Small Business Administration (collectively, "Defendants"), for declaratory and injunctive relief as set forth below, and as its Complaint states as follows:

**NATURE OF THE CASE**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking reversal of Defendants' far-too-late, arbitrary, and capricious decision to retroactively deem Plaintiff ineligible for

emergency federal financial grant assistance properly awarded by the same agency more than five years ago and demand repayment of the entire $5,000,000.00 in rightfully-awarded grant funds.

2. The American Rescue Plan Act of 2021, Pub. L. No. 117–2 § 5003, 135 Stat. 4, 85 (2021) (codified at 15 U.S.C. § 9009c), established the Restaurant Revitalization Fund ("RRF") Program to provide emergency financial assistance to eligible food and beverage service businesses adversely impacted by the global COVID-19 pandemic. The RRF Program is administered by SBA and Administrator Loeffler.

3. The RRF Program was not limited solely to restaurants. In fact, 15 U.S.C. § 9009c (the "RRF Statute") established fourteen categories of businesses that Congress deemed automatically eligible for RRF grants as food and beverage service businesses, including restaurants, inns, bars, saloons, lounges, and taverns. 15 U.S.C. § 9009c(a)(4)(A).

4. Westlake, which operates Westlake Village Inn & Spa, is an inn located in southern California that offers lodging, dining, and spa services. Westlake applied for and received an RRF award from SBA in May 2021 after SBA determined that its application demonstrated eligibility under the RRF Statute. Following receipt of the grant, Westlake complied with all statutory and regulatory obligations, spent its funds on eligible expenditures, submitted its final report in October 2021, and responded to all of SBA's inquiries through 2024. Thereafter, Westlake heard nothing from SBA and rightfully assumed it had fulfilled all grant obligations.

5. On February 19, 2025, the United States Senate confirmed Administrator Loeffler to serve as Administrator of SBA.

6. On February 20, 2025, Administrator Loeffler assumed office and promised to "restore the agency to its founding mission of growing small business, fueling free enterprise, and driving economic resilience."

7. Approximately a year later, Administrator Loeffler and SBA began issuing demand letters to RRF recipients claiming, for the first time in five years and contrary to SBA's own prior decision making, that they were ineligible for their RRF awards and that they must repay the entire award within 30 days.

8. On April 21, 2026, more than five years after awarding Westlake an RRF grant, four and a half years after it received Westlake's final financial report, and over two years since it last contacted Westlake, SBA issued such a demand letter (the "Demand Letter") to Westlake stating that it had redetermined Westlake's eligibility for its RRF award, deeming Westlake ineligible on a *post hoc* basis and demanding Westlake repay the entirety of its $5,000,000.00 grant within 30 days. Having received no communication from SBA for years, and because SBA sent the notice only to a former employee and provided no other notice, Westlake did not become aware of the Demand Letter when it was sent.

9. On or around June 16, 2026, SBA issued a Delinquency Notice that was not received by Westlake until early July 2026. After receiving the Delinquency Notice, Westlake timely filed an Appeal to SBA's Treasury Division on August 14, 2026 (the "Treasury Appeal") in accordance with the Delinquency Notice's instructions.

10. On September 1, 2026, SBA's Treasury Division resolved the Treasury Appeal by sending a conclusory e-mail (the "Treasury Appeal Decision"), stating SBA "cannot consider your request to stop the Treasury referral on the grounds that the debt is not past due or legally enforceable." Exhibit A – E-mail from RRFAwardRecoveryReconsiderations@sba.gov to Scott Stemetzki, Sept. 1, 2026. The Treasury Appeal Decision did not address any of the arguments raised in Westlake's Treasury Appeal and simply rubber-stamped SBA's prior conclusory rescission, as set forth in the Demand Letter.

11. SBA's decision to reconsider its prior eligibility determination on Westlake's RRF grant after unreasonable delay, conclusory basis for doing so, and failure to provide Westlake with due process violates the APA, as such final agency action is arbitrary and capricious, contrary to law, an abuse of discretion, and not supported by substantial evidence. Urgent relief is necessary here to prevent the devastating financial impact of having to repay $5,000,000.00 due to SBA's arbitrary and capricious *post hoc* redetermination of Westlake's RRF Program eligibility.

**PARTIES, JURISDICTION, AND VENUE**

12. Plaintiff, Westlake Properties, Inc. d/b/a Westlake Village Inn & Spa, is a Delaware for-profit corporation, organized and operated under the laws of the state of Delaware, and has a principal place of business at 31943 Agoura Road, Westlake Village, California 91361. For subject-matter jurisdiction purposes, Westlake is a citizen of Delaware, its state of incorporation, and California, the state in which its principal place of business is located.

13. Defendant, United States Small Business Administration, is an independent agency of the United States Government, organized and operated under the laws and regulations of the United States of America in effect from time to time, and has a primary office at 409 Third Street S.W., Washington, D.C. 20416. SBA is responsible for the lawful administration of the RRF Program pursuant to the American Rescue Plan Act of 2021, as codified at 15 U.S.C. § 9009c. SBA administers the RRF Program. SBA's mission is to help Americans start, build, and grow small businesses.

14. Defendant, Kelly Loeffler, is the Administrator of SBA and oversees its operations. Administrator Loeffler is sued in her official capacity.

15. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents questions arising under the laws of the United States, specifically

the APA, 5 U.S.C. § 706, and the Declaratory Judgment Act, 27 U.S.C. §§ 2201 and 2202.

16. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(e)(1) because Defendants, SBA and Administrator Loeffler, are an agency and officer (acting in an official capacity) of the United States, respectively; Defendants are located in this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the RRF Program is administered primarily in this district at SBA Headquarters.

17. The Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## FACTS COMMON TO ALL COUNTS

### A. Restaurant Revitalization Fund

18. The American Rescue Plan Act of 2021 (the "Act"), signed into law on March 11, 2021, included $28.6 billion for grants to food and beverage service businesses detrimentally impacted by the COVID-19 pandemic. Pub. L. No. 117–2 § 5003, 185 Stat. 4, 85 (2021). By SBA's own admission, the RRF grant program was designed with the intention of helping "small businesses in the food service industry adversely affected by the . . . COVID-19 . . . pandemic." U.S. SMALL BUS. ADMIN., *SBA's Restaurant Revitalization Fund Program Award Practices*, Mar. 26, 2024, at 3, 7, available at https://legacy.sba.gov/document/report-24-09-sbas-restaurant-revitalization-fund-program-award-practices (navigate to "Download.pdf") (last visited Sept. 20, 2026).

19. RRF awards were used for "expenses incurred as a direct result of, or during, the COVID-19 pandemic" including payroll, mortgage payments, rent payments, utilities, maintenance, supplies, food and beverage expenses in the scope of normal business practice, covered supplier costs, operational expenses, paid sick leave, and "other expenses that the

Administrator determines to be essential[.]" 15 U.S.C. § 9009c(c)(5). Congress required that funds be spent during the "covered period," encompassing the period of February 15, 2020 through March 11, 2023. *Id.* § 9009c(a)(3).

20. Eligible entities were entitled to receive grants "equal to the pandemic-related loss of the eligible entity," but in no event could grants exceed $5,000,000.00 per physical location and $10,000,000.00 in the aggregate. *Id.* §§ 9009c(c)(4)(A)–(B)(i). "Pandemic-related loss" was defined as "the gross receipts . . . of the eligible entity during 2020 subtracted from the gross receipts of the eligible entity in 2019, if such sum is greater than zero[.]" *Id.* § 9009c(a)(7).

21. The RRF Statute defined "eligible entity" as "a restaurant, food stand, food truck, food cart, caterer, saloon, inn, tavern, bar, lounge, brewpub, tasting room, taproom, licensed facility or premise of a beverage alcohol producer where the public may taste, sample, or purchase products, or other similar place of business in which the public or patrons assemble for the primary purpose of being served food or drink[.]" *Id.* § 9009c(a)(4)(A). Entities that were State or local government-operated, operated or owned more than 20 locations, had a pending Shuttered Venue Operators Grant application, or were publicly traded companies were deemed ineligible. *Id.* § 9009c(a)(4)(C). The RRF Statute did not apply any other relevant criteria, requirements, or qualifications to be deemed eligible entities. *See generally id.* § 9009c.

22. Congress did not limit or otherwise prevent an eligible entity from maintaining multiple business activities as part of its business.

23. Congress drafted the RRF Statute to ensure businesses would not need to undergo burdensome administrative or bureaucratic registration or identification procedures, stating, "the Administrator shall prioritize the ability of each applicant to use their existing business identifiers over requiring other forms of registration or identification that may not be common to their

industry and imposing additional burdens on applicants." *Id.* § 9009c(c)(2)(B).

24. The RRF Statute provided only limited circumstances where a grant, or a portion thereof, could be recouped: first, "[a]ny amount of a grant made under this subsection to an eligible entity based on estimated receipts that is greater than the actual gross receipts of the eligible entity in 2020 shall be returned to the Treasury[,]" *id.* § 9009c(c)(4)(B)(ii); and second, "[i]f an eligible entity that receives a grant under this subsection fails to use all grant funds or permanently ceases operations on or before the last day of the covered period, the eligible entity shall return to the Treasury any funds that the eligible entity did not use for the allowable expenses[,]" *id.* § 9009c(c)(6). No other bases for recoupment were authorized by the RRF Statute.

25. Moreover, the RRF Statute does not authorize SBA to reconsider an entity's eligibility for an RRF grant it received.

**B. SBA's Eligibility Review Process**

26. Businesses submitted applications for RRF grants through an online portal. Upon receipt of an application, SBA processed the same "with the intention of confirming the applicant's eligibility and ensuring that the requested amount of RRF funding was accurate." *Chef Time 1520 LLC v. Small Bus. Admin.*, 646 F. Supp. 3d 101, 105 (D.D.C. 2022).

27. SBA analyzed each application pursuant to a two-step process. First, it verified each applicant's revenue information with data from the Internal Revenue Service, other available government data, and data from participating point-of-sale vendors that process and track businesses' sales. Second, SBA reviewed each application for eligibility and discrepancies. SBA did not pay out RRF grants until it fully confirmed the applicant's eligibility.

**C. Westlake's RRF Application, SBA's Approval, and Westlake's Grant Use**

28. Westlake, a veteran-owned small business, operates Westlake Village Inn & Spa, a

lodging, dining, and spa destination in picturesque southern California. Its property boasts a gorgeous landscape, cobblestone pathways, flourishing vineyards, and remarkable gardens—a stunning space for guests to spend their days or nights.

29. Westlake's dining options were and remain the primary driver of its business revenue. Stonehaus, its dual-purpose enoteca and restaurant, serves as a coffee shop and breakfast hotspot in the morning before converting to a wine bar and restaurant for dinner. Club Louie's, a "classy little joint," offers carefully crafted cocktails and small bites in an upscale evening atmosphere with live entertainment. Mediterraneo is a fine dining restaurant offering a traditional, multi-course culinary experience with an emphasis on Italian cuisine. For lodging guests, Westlake offers room service. Westlake's banquet group hosts weddings, celebrations of life, corporate events, or other social events and provides all aspects of the food and beverage service in its primary banquet room.

30. On May 3, 2021, Westlake submitted an RRF grant application. It truthfully and transparently described Westlake's business, which, based on its activities and mixed business purpose, caused Westlake to apply as a restaurant, bar, saloon, lounge, tavern, and inn.[1] With a few inapplicable exceptions, such as those in 15 U.S.C. § 9009(a)(4)(C), an eligible entity for an RRF grant as a restaurant, saloon, tavern, bar, lounge, or an inn was not required by statute to satisfy additional business-related qualifying criteria. It need only show pandemic-related revenue loss. And nothing in the RRF Statute prohibits a restaurant, bar, lounge, tavern, caterer, or inn from offering other goods and services as part of its business.

31. SBA examined and evaluated Westlake's RRF application pursuant to its two-step

[1] SBA's application contained "bar, saloon, lounge, tavern" as a single option, meaning that Westlake applied under three categories within SBA's application, but qualified under six categories enumerated in the RRF Statute. *See* 15 U.S.C. § 9009c(a)(4)(A).

process and found Westlake eligible for an RRF award.

32. Westlake demonstrated its pandemic-related revenue loss by performing the necessary calculation prescribed by 15 U.S.C. § 9009c(a)(7)(A).

33. In its application, Westlake indicated it would use RRF funds on payroll, mortgage or rent, utilities, supplies, and operating expenses.

34. On May 15, 2021, SBA approved Westlake for a grant in the amount of $5,000,000.00. That decision was a product of SBA's due diligence and two-step verification process that included a review by SBA representatives trained in the program requirements to ensure applicants qualified as eligible entities.

35. Westlake expended all of its grant funds on eligible and allowable expenses under the RRF Statute.

36. On October 20, 2021, Westlake submitted a final Post-Award Report detailing and certifying that it used the RRF grant on permissible expenses.

37. This report was Westlake's final financial report and represented its closeout documentation for the grant.

38. From that moment, SBA was required to "make every effort to complete all closeout actions" within one year, *i.e.*, by October 20, 2022. 2 C.F.R. § 200.344(b). SBA did not meet that deadline.

**D. SBA's Demand Letter, Delinquency Notice, and Recoupment Efforts**

39. On April 21, 2026, SBA issued a Demand Letter explaining that it had reconsidered SBA's eligibility decision from 2021 and had now retroactively decided that Westlake was ineligible for the RRF Program since inception, and, as a result, Westlake must return all the RRF funds it received.

40. The Demand Letter incorrectly took the position that Westlake must return its RRF funds on the following grounds:

> Ineligible Business Type – Under RRF program guidelines, Hotels/Motels and Resorts are not eligible entities. A restaurant (s) [sic] within a hotel/motel must have a separate Tax Identification Number. (Hotels and motels are not considered "Inns" for the purpose of the RRF program). Because the restaurant (s) [sic] and hotel share the same EIN, the entities cannot be separated for eligibility consideration. Therefore, the business does not meet the definition of an eligible entity under the Restaurant Revitalization Fund Program. As a result, funds awarded must be returned.

41. Westlake was not aware of this letter at the time because (a) it had been years since SBA communicated with Westlake regarding the RRF grant; (b) notice of the Demand Letter was emailed to an individual who was no longer employed by Westlake at that time; and (c) no other form of notice was provided to Westlake.

42. Despite the RRF Statute applying no further restrictions on eligible entities, SBA appears to be imposing an extra-statutory criterion, found in an SBA Program Guide, that "[e]ligible entities include any of the above entities located in an airport terminal or that operate independently (i.e., has its own tax identification number [EIN]) inside another business (e.g., a restaurant that operates independently inside a hotel or conference center) or that are a Tribally-owned concern." To the extent this Program Guide statement is the basis for SBA's improper reconsideration, SBA misinterprets this language to preclude companies that operate multiple business activities under a single EIN from RRF eligibility after the fact.

43. The RRF Statute contains no requirement that eligible entities maintain separate EINs from other businesses or operations under shared ownership in any event.

44. The Demand Letter constitutes final agency action for purposes of the APA.

45. SBA then issued the Delinquency Notice. That Delinquency Notice was dated June 16, 2026, but was not received until early July 2026.

46. The Delinquency Notice states that:

> This is official notice that the U.S. Small Business Administration ("SBA") intends to refer your debt (as described in the attached bill) to the U.S. Department of the Treasury ("Treasury") as you are considered a delinquent borrower or guarantor on a loan made by SBA or made by a lender (such as bank, credit union, certified development company, or intermediary) and guaranteed or assumed by SBA. By law, federal agencies such as SBA are required to refer delinquent debtors to Treasury for offset of federal or state payments and other collection actions, such as administrative wage garnishment.
>
> The debt is seriously delinquent. If you do not pay your delinquent debt or agree to a repayment plan or provide supporting documentation acceptable to SBA showing that you are not liable for the debt **WITHIN 60 CALENDAR DAYS FROM THE DATE OF THIS NOTICE**, or take other action as described below, SBA may refer your debt to Treasury, and Treasury may add interest, substantial collection fees (26% or more), and penalties (if applicable) to your unpaid debt as provided by law. **The amount indicated on the attached bill is due in full, plus (as applicable) interest, fees, penalties, and expenses accrued after this date.** If it is determined funds are collected more than the debt you owe, they will be returned to you, unless prohibited by law.

The Delinquency Notice further states: "**THIS IS THE ONLY NOTICE YOU WILL RECEIVE BEFORE YOUR DELINQUENT DEBT IS SENT TO TREASURY.** Once referred to the Department of Treasury, SBA will no longer service this debt."

47. The Delinquency Notice stated that Westlake could submit evidence to SBA's Treasury Division within 60 calendar days of the notice "if [Westlake] believe[s] that all or part of your debt is not delinquent or cannot legally be collected . . . ."

48. On August 14, 2026, Westlake submitted its Treasury Appeal to SBA's Treasury Division via the e-mail address RRFWorkouts@sba.gov. In addition to arguing and providing evidence to show that Westlake was eligible for its RRF award, that Treasury Appeal argued that (a) there was no legally enforceable debt on which SBA may pursue collection; (b) SBA has denied Westlake due process; (c) SBA's attempt to review eligibility determinations and recoup awards exceeds the scope of SBA's delegated authority; (d) SBA's demand is untimely and follows

unreasonable delay; (e) SBA's recoupment efforts violate the manifest injustice, estoppel, and detrimental reliance doctrines; and (f) SBA's reasons for recoupment are arbitrary and capricious because they are conclusory and fail to consider important aspects of the program.

49. On September 1, 2026, SBA responded to the Treasury Appeal as follows:

> Thank you for contacting SBA in regard to the RRF Award you received. SBA has asked you to repay funds received. The Demand Letter you received via the RRF Platform informed you of the reason. [ ]
>
> According to the Due Process Notice you received via the mail, you can contact this Treasury division email address within 60 calendar days of the Notice, if you believe that all or part of your debt is not delinquent or cannot legally be collected. You must provide documentation to support that assertion. The documentation must include evidence that the debt was resolved, such as evidence of repayment of the debt, evidence of an agreed upon payment plan that you are current on, or notification from SBA that the debt has been otherwise resolved.
>
> At this time, SBA has not received documentation from you that proves that the debt has been resolved and therefore cannot consider your request to stop the Treasury referral on the grounds that the debt is not past due or legally enforceable.

Exhibit A.

50. The Treasury Appeal Decision was sent from the e-mail address "RRFAwardRecoveryReconsiderations@sba.gov," *i.e.*, the same SBA RRF Program Office that issued the Demand Letter, *not* the SBA's Treasury Division. In other words, SBA referred the decision on the Treasury Appeal to the same program office that made the original improper recoupment decision.

51. The Treasury Appeal Decision does not meaningfully address any of Westlake's arguments raised in the Treasury Appeal and imposes unstated criteria not set forth in the Delinquency Notice.

52. The Treasury Appeal Decision constitutes final agency action.

53. No statute or regulation requires Westlake to have undertaken agency review, but

it did so in reliance on SBA's instructions, only to face a rubber-stamp decision that did not address Westlake's objections to agency action.

54. Westlake has exhausted all available administrative remedies.

## CAUSES OF ACTION

55. The courts recognize a strong presumption in favor of judicial review of administrative action.

56. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

57. The APA provides that "final agency action for which there is no other adequate remedy in court" is "subject to judicial review." 5 U.S.C. § 704.

58. The APA provides that courts will "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" "contrary to constitutional right, power, privilege, or immunity;" "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;" or "unsupported by substantial evidence[.]" 5 U.S.C. §§ 706(2)(A), (B), (C), (E).

59. SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I – APA: ARBITRARY AND CAPRICIOUS AGENCY ACTION

60. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 hereof as if fully set forth and restated herein.

61. Final agency action is arbitrary and capricious if the agency relied on factors which Congress or the Government has not intended it to consider, entirely failed to consider important aspects of a problem, offered an explanation for its decision that runs counter to evidence before

the agency, or is so implausible that it could not be ascribed to difference in view or product of agency expertise.

62. The final agency action in this case is arbitrary and capricious because, *inter alia*:

a. Westlake's RRF award was a grant, not a loan, grants are not subject to repayment except in specific circumstances set by the grant documents, and the grant documents related to Westlake's grant do not require repayment or permit recoupment under the circumstances of this matter, including but not limited to SBA's decision to reconsider its prior eligibility determination;

b. SBA's attempt to recoup Westlake's RRF award denied Westlake due process by failing to provide Westlake with adequate notice and a hearing in a meaningful time and manner and by rubber-stamping its prior incorrect recoupment decision without meaningfully considering Westlake's objections to agency action;

c. SBA's effort to review eligibility determinations and recoup RRF awards exceeds the scope of SBA's Congressionally-delegated authority, specifically Congress did not provide SBA with the authority to reconsider eligibility determinations or recoup grants after the fact except in limited circumstances established by the RRF Statute and not applicable here;

d. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, are untimely and come after the expiration of the record retention period for the grant, contrary to federal regulations, 2 C.F.R. §§ 200.334, .345(a)(1);

e. SBA's Demand Letter and Delinquency Notice, and SBA's underlying

reconsideration of its prior eligibility determination on Westlake's RRF award, are unreasonably delayed, issued almost five years after SBA made the original decision that Westlake was eligible for its RRF award and outside the limited reasonable amount of time within which SBA could reconsider its decisions (*i.e.*, weeks, not years);

f. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, were issued more than three years after SBA was required to make every effort to closeout the grant, one year following the submission of Westlake's final financial report;

g. SBA's recoupment efforts violate the manifest injustice, estoppel, and detrimental reliance doctrines and fail to consider Westlake's reliance interests, because Westlake relied on SBA's representations and original decision making in approving Westlake's RRF application by spending the grant funds in accordance with the RRF Statute, only to have SBA seek to recoup those funds years later;

h. SBA's Demand Letter, Delinquency Notice, and other explanations for recoupment are entirely conclusory, fail to articulate a satisfactory explanation for agency action, fail to consider all relevant factors, fail to provide a rational connection between the facts found and the choices made, and fail to explain, in detail, the basis for its changed policy or decision making with regard to Westlake's grant;

i. SBA applied non-binding, illogical, unreasonable, and unsupported extra-

statutory criteria that Congress did not intend to apply to the RRF program;

j. SBA applied a "separate EIN requirement" for restaurants operating inside or alongside another business entity that is not supported by the RRF Statute, despite Congress not delegating authority to SBA to impose such criteria;

k. It ignores clear and convincing undisputed evidence presented to the agency by Westlake, including evidence that food and beverage service form the substantial part of Westlake's business, which includes lodging, dining, and spa services;

l. It applies, without explanation, an arbitrary difference or distinction between "hotel/motel" and "inn" when no such difference or distinction appears in the RRF Statute, federal statutes or regulations, or the plain meaning of those terms;

m. It ignores that an "inn" necessarily provides both lodging and food and beverage services;

n. The explanation for its redetermination of Westlake's eligibility entirely fails to consider the true and full aspect of Westlake's business today and throughout its history; and

o. Otherwise was arbitrary and capricious based on the evidence in the Administrative Record, a copy of which has not been provided to Westlake.

63. For each of these reasons, SBA's redetermination of Westlake's RRF Program eligibility to deem it ineligible is arbitrary and capricious and must be set aside.

**COUNT II – APA: AGENCY ACTION THAT VIOLATES DUE PROCESS**

64. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 as if fully set forth and restated herein.

65. SBA is an agency within the meaning of the APA. *See* 5 U.S.C. § 551.

66. The APA requires courts to "hold unlawful and set aside" agency action that is "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

67. SBA's redetermination of Westlake's RRF Program eligibility, deeming it ineligible for the RRF Program and demanding the return of its rightfully-awarded grant funds, through the Demand Letter, is final agency action.

68. Westlake has a vested property interest in the RRF grant award it received in 2021 and spent in accordance with the RRF Statute.

69. SBA's redetermination of Westlake's RRF Program eligibility and demand that Westlake return all of its RRF grant funds without proper notice to, or opportunity to be heard, by Westlake.

70. SBA's redetermination of Westlake's RRF Program eligibly violates the Fifth Amendment to the U.S. Constitution by requiring the return to the U.S. Government of a vested property interest, namely Westlake's RRF grant award, without providing it notice and an opportunity to be heard.

71. SBA has also violated Westlake's due process rights by rubber-stamping its prior, incorrect recoupment decision without meaningfully engaging with any of Westlake's objections to agency action, all of which demonstrate arbitrary and capricious agency action contrary to law.

72. SBA has also violated Westlake's due process rights by providing a sham appeals process. Specifically, SBA informed Westlake that it could submit the Treasury Appeal to SBA's Treasury Division (RRFWorkouts@sba.gov). However, the decision on Westlake's Treasury Appeal came from the RRF Program Office (RRFAwardRecoveryReconsiderations@sba.gov), *i.e.*, the same office that already made the origination incorrect and unlawful reconsideration of

Westlake's eligibility, not an independent third party, thereby denying Westlake any legitimate, fair, and impartial review of its Treasury Appeal.

73. Plaintiff has been harmed and will continue to be harmed by Defendants' actions.

74. Because SBA's redetermination decision is unconstitutional, the Court should hold it unlawful and set it aside under 5 U.S.C. §§ 702, 706(2)(B), and 28 U.S.C. § 2201(a).

**COUNT III – APA: AGENCY ACTION CONSTITUTES AN ABUSE OF DISCRETION**

75. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 hereof as if fully set forth and restated herein.

76. Westlake meets the requirements for an RRF award, specifically that it is an eligible entity as set forth by Congress's intent for the RRF Statute.

77. SBA originally correctly determined that Westlake was an eligible entity during its review of Westlake's RRF application.

78. Nevertheless, on April 21, 2026, SBA changed its mind without warning or adequate explanation, claiming that Westlake was suddenly not eligible for the RRF award it had received five years earlier because:

> Ineligible Business Type – Under RRF program guidelines, Hotels/Motels and Resorts are not eligible entities. A restaurant (s) [sic] within a hotel/motel must have a separate Tax Identification Number. (Hotels and motels are not considered "Inns" for the purpose of the RRF program). Because the restaurant (s) [sic] and hotel share the same EIN, the entities cannot be separated for eligibility consideration. Therefore, the business does not meet the definition of an eligible entity under the Restaurant Revitalization Fund Program. As a result, funds awarded must be returned.

79. The final agency action in this case constitutes an abuse of discretion because, *inter alia*:

a. Westlake's RRF award was a grant, not a loan, grants are not subject to repayment except in specific circumstances set by the grant documents, and the

grant documents related to Westlake's grant do not require repayment or permit recoupment under the circumstances of this matter, including but not limited to SBA's decision to reconsider its prior eligibility determination;

b. SBA's attempt to recoup Westlake's RRF award denied Westlake due process by failing to provide Westlake with adequate notice and a hearing in a meaningful time and manner and by rubber-stamping its prior incorrect recoupment decision without meaningfully considering Westlake's objections to agency action;

c. SBA's effort to review eligibility determinations and recoup RRF awards exceeds the scope of SBA's Congressionally-delegated authority, specifically Congress did not provide SBA with the authority to reconsider eligibility determinations or recoup grants after the fact except in limited circumstances established by the RRF Statute and not applicable here;

d. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, are untimely and come after the expiration of the record retention period for the grant, contrary to federal regulations, 2 C.F.R. §§ 200.334, .345(a)(1);

e. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, are unreasonably delayed, issued almost five years after SBA made the original decision that Westlake was eligible for its RRF award and outside the limited reasonable amount of time within which SBA could reconsider its decisions (*i.e.*, weeks, not years);

f. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, were issued more than three years after SBA was required to make every effort to closeout the grant, one year following the submission of Westlake's final financial report;

g. SBA's recoupment efforts violate the manifest injustice, estoppel, and detrimental reliance doctrines and fail to consider Westlake's reliance interests, because Westlake relied on SBA's representations and original decision making in approving Westlake's RRF application by spending the grant funds in accordance with the RRF Statute, only to have SBA seek to recoup those funds years later;

h. SBA's Demand Letter, Delinquency Notice, and other explanations for recoupment are entirely conclusory, fail to articulate a satisfactory explanation for agency action, fail to consider all relevant factors, fail to provide a rational connection between the facts found and the choices made, and fail to explain, in detail, the basis for its changed policy or decision making with regard to Westlake's grant;

i. SBA applied non-binding, illogical, unreasonable, and unsupported extra-statutory criteria that Congress did not intend to apply to the RRF program;

j. SBA applied a "separate EIN requirement" for restaurants operating inside or alongside another business entity that is not supported by the RRF Statute, despite Congress not delegating authority to SBA to impose such criteria;

k. It ignores clear and convincing undisputed evidence presented to the agency by

Westlake, including evidence that food and beverage service form the substantial part of Westlake's business, which includes lodging, dining, and spa services;

l. It applies, without explanation, an arbitrary difference or distinction between "hotel/motel" and "inn" when no such difference or distinction appears in the RRF Statute, federal statutes or regulations, or the plain meaning of those terms;

m. It ignores that an "inn" necessarily provides both lodging and food and beverage services;

n. The explanation for its redetermination of Westlake's eligibility entirely fails to consider the true and full aspect of Westlake's business today and throughout its history; and

o. Otherwise constitutes an abuse of discretion based on the evidence in the Administrative Record, a copy of which has not been provided to Westlake.

80. For each of these reasons, SBA's redetermination of Westlake's RRF Program eligibility to deem it ineligible constitutes an abuse of discretion and must be set aside.

**COUNT IV – APA: CONTRARY TO LAW AND IN EXCESS OF STAUTORY JURISDICTION, AUTHORITY, OR LIMITATIONS**

81. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 hereof as if fully set forth and restated herein.

82. Westlake meets the RRF Statute's definition of an eligible entity and satisfies the Statute's general eligibility criteria for an RRF award.

83. Westlake's eligibility was verified and specifically confirmed by SBA when it reviewed and approved Westlake for a $5,000,000.00 RRF award.

84. The RRF Statute permits recovery of RRF funds only in narrow circumstances.

SBA reconsidering an entity's eligibility is not such a circumstance.

85. Congress did not grant SBA the authority to redetermine an eligible entity's RRF grant award. Absent Congressional authorization, SBA's recoupment efforts predicated on a redetermination of eligibility are unlawful.

86. SBA is attempting to recoup Westlake's RRF grant on the basis of its redetermination of Westlake's eligibility.

87. SBA applies a number of requirements for RRF Program eligibility that are not contained within the RRF Statute.

88. These unlawful requirements include:

a. A requirement that Westlake's food and beverage service business activities maintain a separate EIN than its lodging and spa business activities; and

b. Refusing to recognize that businesses that provide lodging services are inns, which are expressly eligible entities under the RRF Statute.

89. In fact, the RRF Statute expressly disavows SBA's attempt to provide a separate EIN requirement by stating that "the Administrator shall prioritize the ability of each applicant to use their existing business identifiers **over requiring other forms of registration or identification that may not be common to their industry and imposing additional burdens on applicants**." 15 U.S.C. § 9009c(c)(2)(B) (emphasis added).

90. SBA's years-late ineligibility determination and collection efforts violate the RRF Statute and are contrary to law.

91. The final agency action in this case is also contrary to law because, *inter alia*:

a. Westlake's RRF award was a grant, not a loan, grants are not subject to repayment except in specific circumstances set by the grant documents, and the

grant documents related to Westlake's grant do not require repayment or permit recoupment under the circumstances of this matter, including but not limited to SBA's decision to reconsider its prior eligibility determination;

b. SBA's attempt to recoup Westlake's RRF award denied Westlake due process by failing to provide Westlake with adequate notice and a hearing in a meaningful time and manner and by rubber-stamping its prior incorrect recoupment decision without meaningfully considering Westlake's objections to agency action;

c. SBA's effort to review eligibility determinations and recoup RRF awards exceeds the scope of SBA's Congressionally-delegated authority, specifically Congress did not provide SBA with the authority to reconsider eligibility determinations or recoup grants after the fact except in limited circumstances established by the RRF Statute and not applicable here;

d. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, are untimely and come after the expiration of the record retention period for the grant, contrary to federal regulations, 2 C.F.R. §§ 200.334, .345(a)(1);

e. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, are unreasonably delayed, issued almost five years after SBA made the original decision that Westlake was eligible for its RRF award and outside the limited reasonable amount of time within which SBA could reconsider its decisions (*i.e.*, weeks, not years);

f. SBA's Demand Letter and Delinquency Notice, and SBA's underlying reconsideration of its prior eligibility determination on Westlake's RRF award, were issued more than three years after SBA was required to make every effort to closeout the grant, one year following the submission of Westlake's final financial report;

g. SBA's recoupment efforts violate the manifest injustice, estoppel, and detrimental reliance doctrines and fail to consider Westlake's reliance interests, because Westlake relied on SBA's representations and original decision making in approving Westlake's RRF application by spending the grant funds in accordance with the RRF Statute, only to have SBA seek to recoup those funds years later;

h. SBA's Demand Letter, Delinquency Notice, and other explanations for recoupment are entirely conclusory, fail to articulate a satisfactory explanation for agency action, fail to consider all relevant factors, fail to provide a rational connection between the facts found and the choices made, and fail to explain, in detail, the basis for its changed policy or decision making with regard to Westlake's grant;

i. SBA applied non-binding, illogical, unreasonable, and unsupported extra-statutory criteria that Congress did not intend to apply to the RRF program;

j. SBA applied a "separate EIN requirement" for restaurants operating inside or alongside another business entity that is not supported by the RRF Statute, despite Congress not delegating authority to SBA to impose such criteria;

k. It ignores clear and convincing undisputed evidence presented to the agency by

Westlake, including evidence that food and beverage service form the substantial part of Westlake's business, which includes lodging, dining, and spa services;

l. It applies, without explanation, an arbitrary difference or distinction between "hotel/motel" and "inn" when no such difference or distinction appears in the RRF Statute, federal statutes or regulations, or the plain meaning of those terms;

m. It ignores that an "inn" necessarily provides both lodging and food and beverage services;

n. The explanation for its redetermination of Westlake's eligibility entirely fails to consider the true and full aspect of Westlake's business today and throughout its history; and

o. Otherwise was contrary to law based on the evidence in the Administrative Record, a copy of which has not been provided to Westlake.

92. For each of these reasons, SBA's redetermination of Westlake's RRF Program eligibility to deem it ineligible is contrary to law and must be set aside.

**COUNT V – APA: AGENCY ACTION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

93. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 59 hereof as if fully set forth and restated herein.

94. SBA's ineligibility determination is not supported by substantial evidence. Westlake's application and documents submitted thereafter presented evidence that demonstrate Westlake was eligible for its RRF award.

95. Specifically, the agency ignored indisputable evidence conclusively demonstrating Westlake's eligibility for an RRF award, including, *inter alia*:

a. Westlake Village Inn & Spa is an inn under the plain meaning of that term;

b. The terms "hotel" and "inn" are synonymous;

c. Federal regulations consistently use the terms "hotel" and "inn" interchangeably;

d. Westlake presented clear and convincing evidence that its food and beverage sales exceed 33% of gross receipts, which is SBA's internal, extra-statutory standard for deeming a business an inn;

e. Westlake is a bar;

f. Westlake is a saloon;

g. Westlake is a tavern;

h. Westlake is a lounge;

i. Westlake is a restaurant;

j. Congress mandated "the Administrator shall prioritize the ability of each applicant to use their existing business identifiers over requiring other forms of registration or identification that may not be common to their industry and imposing additional burdens on applicants[,]" 15 U.S.C. § 9009c(c)(2)(B);

k. Westlake's RRF award was a grant, not a loan, grants are not subject to repayment except in specific circumstances set by the grant documents, and the grant documents related to Westlake's grant do not require repayment or permit recoupment under the circumstances of this matter, including but not limited to SBA's decision to reconsider its prior eligibility determination;

l. SBA's Demand Letter, Delinquency Notice, and other explanations for recoupment are entirely conclusory, fail to articulate a satisfactory explanation

for agency action, fail to consider all relevant factors, fail to provide a rational connection between the facts found and the choices made, and fail to explain, in detail, the basis for its changed policy or decision making with regard to Westlake's grant;

m. SBA applied non-binding, illogical, unreasonable, and unsupported extra-statutory criteria that Congress did not intend to apply to the RRF program;

n. SBA applied a "separate EIN requirement" for restaurants operating inside or alongside another business entity that is not supported by the RRF Statute, despite Congress not delegating authority to SBA to impose such criteria;

o. It ignores clear and convincing undisputed evidence presented to the agency by Westlake, including evidence that food and beverage service form the substantial part of Westlake's business, which includes lodging, dining, and spa services;

p. The explanation for its redetermination of Westlake's eligibility entirely fails to consider the true and full aspect of Westlake's business today and throughout its history; and

q. Otherwise was not based on substantial evidence, as will be determined based on the evidence in the Administrative Record, a copy of which has not been provided to Westlake.

96. Indeed, SBA's far-too-late reconsideration of Westlake's eligibility conflicts with the evidence of Westlake's eligibility that it presented to SBA in its application and which SBA deemed sufficient five years ago to award Westlake an RRF grant.

97. SBA's ineligibility determination is accompanied by a short, conclusory statement

that hotels or motels do not qualify as inns under the statute. SBA fails to explain how Westlake is not an inn, nor does it explain the difference between hotels/motels and inns.

98. For each of these reasons, SBA's redetermination of Westlake's RRF award eligibility to deem it ineligible is not supported by substantial evidence and must be set aside.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, and award the following relief:

a. Declare unlawful and set aside Defendants' ineligibility determination, Demand Letter, Delinquency Notice, Treasury Appeal Decision, and any other decision on which SBA seeks to recoup Westlake's RRF award, as such decisions violated the Administrative Procedure Act;

b. Order SBA to produce a complete administrative record, including all documents relevant to, and on which the SBA official making the rescission determination based the decision to seek recoupment of, Westlake's RRF award, including all recommendations by SBA officials, employees, and contractors for and against recoupment and SBA's review of Westlake's Treasury Appeal;

c. On adequate motion, enter an order requiring SBA to engage in, and produce documents in response to, discovery to be issued in this action, because SBA's actions in attempting to recoup RRF awards five years later and without Congressional authority are made in bad faith and contrary to law;

d. On adequate motion, preliminarily and permanently enjoin Defendants from any and all efforts to recover Westlake's RRF grant award;

e. On adequate motion, preliminarily and permanently enter an injunction requiring

Defendants to close out Westlake's RRF grant and cease any further action with respect to that grant;

f. Award Westlake reasonable attorney's fees, costs, and other expenses incurred in this matter under any and all applicable statutes and/or regulations; and

g. Award any and all other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 28, 2026

/s/ Matthew E. Feinberg
Matthew E. Feinberg, Esq. (Bar No. 991638)
*mfeinberg@pilieromazza.com*
Scott W. Stemetzki, Esq. (*pro hac vice* forthcoming)
*sstemetzki@pilieromazza.com*
Kane T. Smith, Esq. (admission forthcoming)
*ksmith@pilieromazza.com*
**PILIEROMAZZA PLLC**
1001 G Street NW, Suite 1100
Washington, D.C. 20001
Ph: (202) 857-1000
Fx: (202) 857-0200

*Attorneys for Plaintiff Westlake Properties, Inc., d/b/a Westlake Village Inn & Spa*